Scott, J.
It is claimed by counsel for defendant Dick, that the action of the district court, in dismissing the plaintiff’s appeal, for want of jurisdiction, may be justified on either of three grounds : 1. The insufficiency of the amount of the appeal bond. 2. The imperfect and partial character of the *555 notice of appeal, which had relation only to a part of an indivisible case. 3. That the cause was one proper for second trial, and not for appeal.
As to the first point: The statute regulating appeals to the district court, requires that in all cases in which the judgment or decree is personal against any party, for the payment of money only, the penalty 6f the appeal bond shall be double the amount of such judgment or decree; and that in all other cases, the court shall, at the time of the rendition of the judgment or decree, ascertain and fix the penalty of the appeal bond, at such reasonable amount, as shall, in the opinion of the court, be sufficient to cover any probable loss, damage or injury, which the other party or parties .may sustain by the delay, and the costs and damages which may be awarded in the appellate court. S. & O.’Stat. 1164, sec. 713.
The judgment or decree of the court of common pleas, in this case, was clearly not “for the payment of money only;” the whole case made by the plaintiff’s petition, and the main portion of the decree, had relation to the state of the title to certain lands, and alleged incumbrances thereon ; and it was, therefore, one of the “ other cases” in which it became the duty of the court rendering the decree “ to ascertain and fix ” the penalty of the appeal bond. That court did so ; it fixed the amount of the bond at $100; and the appellant gave bond accordingly. Whatever remedy the appellee may have for an injudicious or unreasonable exercise of the discretion of the court, in such case, he is certainly not entitled to have the appeal, for that reason, summarily dismissed, upon motion. The order of the court, in that behalf, so long as it remains in force, binds the parties; and the appellant, having complied with it, is not in default, nor guilty of any laches, and is not therefore to be summarily turned out of court.
The two other grounds, which are supposed to sustain the dismissal of the appeal, may be considered together.
The plaintiff’s cause of action, and the relief which he sought in his petition, were purely equitable. He asked to have a deed of conveyance, absolute on its face, declared a mere security for a debt; and to be allowed to redeem the *556 premises, and discharge the incumbrance, by paying the debt. This was Ms whole case. The defendant answered; averring, that if the agreement to reconvey was to be construed as a condition of defeasance to the deed, and was still in force; yet that, by its terms, the plaintiff was only entitled to redeem, upon payment of many large items of' indebtedness, subsequently accruing, as well as the original debt and interest. These items, with their dates and amounts, he sets out fully; and so far, his answer is clearly pertinent, as bearing upon the terms of the condition of defeasance, and the amount of the lien. The plaintiff could not, therefore, demur to the introduction of these accounts and claims of the defendant — they were properly in the equitable case of the plaintiff, and no issues raised by the pleadings as to the amount of defendant’s lien, could give the parties a right to demand a trial by jury— or take away the right of appeal from the decree to be rendered by the court upon final healing. But the defendant went further; and denying that plaintiff’s conveyance was intended as a mortgage, and averring that the agreement to reconvey was a mere contract for repurchase and sale, which had long since been abandoned by the parties; he asked for a personal judgment against the plaintiff, upon these items of subsequent indebtedness, unconnected, as he claimed them to be, with the title to, or liens upon, the land in question. Had these accounts and claims of the defendant been introduced into the answer for this purpose alone, the plaintiff might clearly have demurred. Yiewed in this aspect, they could not in the slightest degree affect the plaintiff’s case, or his right to the relief which he sought. They could not constitute a setoff; for the plaintiff was asking for no money judgment, and asserting no claim to which a setoff could be made. They were not a proper counterclaim; for they are alleged to be independent transactions, not connected with the plaintiff’s cause of action. Still, these accounts and claims of the defendant, were properly in the case, as we have said, by way of answer to the plaintiff’s claim; and the court in passing upon them, and rendering a decree for the payment of a balance found due to the defendant, must be regarded as exercising a power inci *557 dent to the equity jurisdiction which the plaintiff had invoked, over a subject matter properly brought within the sphere of that jurisdiction. The case throughout was one of equity' jurisdiction ; and the decree was therefore subject to appeal, and not to second trial.
The statute provides, that “ in all cases when the interest of any party desiring an appeal is separate and district from that of the other party or parties, and ho shall be desirous to appeal the part of the case in which he is interested, it shall be so allowed by the court,” etc. S. & C. Stat. 1166. I know of no other express provision of statute, authorizing the appeal of a part of a case — and that provision is certainly not applicable here, where there are but two parties, and each interested in the case throughout.
But, is it true that the appeal, or the notice of intention to appeal, in this case, applies only to a part of the case ? It is clear that the whole case is so connected in its several parts as not to be divisible. The plaintiff may, as is claimed, have intended to give notice of an intention to appeal only part of the case. But if so, we think he has succeeded in putting on the record, notice of intention to appeal the whole. He has specially particularized every part of the cause made in his petition, and the findings and decrees of the court made thereon ; from all which he gives notice of appeal. Every branch and part of the equity case proper, is mentioned and included in the notice of appeal; and though special mention is not made of the decree for the payment of $240 to the defendant, as the balance due him, on his several items of account; yet, as that decree, and the jurisdiction to render it, was incidental merely, arising from the equity jurisdiction over the principal case, it must, as an incident, accompany its principal to the appellate court, whose incidental jurisdiction is as perfect as that of the court below.
No injustice is done to the appellee by a liberal construction of the notice of appeal, as the terms of the appeal bond give equal security for the performance of every part of the decree which the appellate court may render in the case.
The order of the district court, dismissing the appeal, is re» *558 versed; and the cause is remanded to the district court for hearing and decree.
Brinkerhoee, O J., and Ranney, Wilder and White, JJ., concurred.